**E-Filed 12/21/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MADERA, et al.,<br><br>　　　　　　　　Defendants. | Case Number C 06-7613 JF (PVT)<br><br>ORDER[1] DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION |

　　　The Court has received Plaintiff's application for temporary restraining order ("TRO") filed December 13, 2006 and supplementary letter brief filed December 19, 2006, as well as Defendants' opposition filed December 20, 2006.  The Court concludes that this motion is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons discussed below, the application for TRO will be denied and Plaintiff's motion for preliminary injunction will be set for hearing on January 12, 2007 at 9:00 a.m.

---

　　　[1] This disposition is not designated for publication and may not be cited.

## I. BACKGROUND

This action is one of several arising out of disputes between Plaintiff, The Picayune Rancheria of Chukchansi Indians ("the Tribe"), and Defendants, the County of Madera and its board of supervisors, tax assessor, treasurer/collector, planning director and planning department (collectively "the County").

<u>Hardwick v. United States</u>

In 1979, individuals from thirty-four Indian tribes that had been terminated by the United States filed suit in the Northern District of California, seeking restoration of their status as Indians and entitlement to federal Indian benefits, as well as the right to reestablish their tribes as formal government entities. *Hardwick v. United States*, Case No. 79-1710. Two stipulated judgments were entered in that case:  the 1983 stipulated judgment resulted in the United States restoring the Tribe's status as an Indian tribe, and the 1987 stipulated judgment resulted in Madera County's agreement to treat the Tribe's lands as "Indian Country" and to refrain from imposing any taxes on those lands other than *ad valorem* taxes.  The Tribe subsequently reacquired tribal lands that had been sold to non-Indian individuals following termination of the Tribe, and constructed a casino on those lands.  After completion of the casino, the County asserted that the Tribe was subject to annual *ad valorem* taxes in excess of $4 million and filed a motion to enforce the 1987 stipulated judgment, seeking to collect those *ad valorem* taxes.  This Court denied the County's motion after concluding that the Tribe was not a party to, and was not bound by, the 1987 stipulated judgment.  The Court stated explicitly that it was *not* resolving the question of whether the County had authority to impose *ad valorem* taxes separate and apart from the 1987 stipulated judgment; the Court's holding was limited to a finding that *the 1987 stipulated judgment* did not give the County such authority.  *See* Order Denying Motion For Reconsideration filed 10/13/04 at 6.

<u>In Rem Action</u>:

In October 2004, the County filed an *in rem* action in the Madera Superior Court, seeking declaratory relief as to the taxability of the Tribe's lands.  *County of Madera v. 48.53 Acres of Land*, Case No. MCV 025339.  On December 1, 2006, the Madera Superior Court denied the

Tribe's motion to dismiss, holding that it had *in rem* jurisdiction over the Tribe's lands. That action is pending.

<u>Tribe's Motion To Enforce Hardwick 1987 Stipulated Judgment</u>:

The Tribe has begun an expansion project intended to add a hotel and spa facilities to the casino on its lands. The County has asserted that the Tribe must follow local and state health, safety and environmental laws. The Tribe has declined to follow the necessary procedures to obtain County permits for construction of the hotel and spa, and the County has issued stop work orders with respect to the Tribe's construction. In October 2006, the Tribe filed a motion to enforce the 1987 stipulated judgment in the *Hardwick* action, asserting that the judgment precludes the County from imposing local and state laws on the Tribe's construction. This Court denied the Tribe's motion, concluding that the issues raised in the Tribe's motion went beyond the scope of the 1987 stipulated judgment and more properly would be presented in a new action for declaratory relief. The Court indicated that if the Tribe were to file such an action in the Northern District of California, the Court would relate such action to the earlier-filed *Hardwick* action. This indication of an intent to relate the cases seems to have caused some confusion among the parties. The Court's indication of its intent was *not* a determination that it would have subject matter jurisdiction over a declaratory relief action by the Tribe, or a determination that this Court is the appropriate forum for resolving some or all of the parties' conflicts. The Court simply intended to indicate that *if* the Tribe were to file a declaratory relief action in the Northern District of California, the undersigned would relate the cases as a matter of judicial efficiency.

<u>Nuisance Abatement Action</u>:

In November 2006, the County issued stop-work notices to the Tribe and its contractors because various County construction permits had not been obtained. The Tribe refused to stop work. On November 21, 2006, the County filed a nuisance abatement action in Madera Superior Court, alleging a number of state law actions arising out of the Tribe's construction. The Tribe removed the action to the Eastern District of California, which remanded the action to the Madera Superior Court on December 18, 2006.

Instant Declaratory Relief Action:

The Tribe filed the instant action on December 13, 2006, seeking declaratory and injunctive relief. Specifically, the Tribe seeks a declaration that its lands are not subject to *ad valorem* or other taxes and are not subject to state and local land use, building, environmental or other regulations. The Tribe seeks to enjoin the County from attempting to collect taxes or attempting to impose state or local requirements on the Tribe's construction. The Tribe also seeks to preclude the County from pursuing its state court actions against the Tribe and its lands.

## DISCUSSION

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

After reviewing the parties' briefing, the Court concludes that serious questions exist as to subject matter jurisdiction. This action appears to be the mirror of the two pending state court actions, and the bases for subject matter jurisdiction that the Tribe asserts here – its sovereign immunity and federal statute – appear to be *defenses* that the Tribe has to the state law claims. It is not clear that the Tribe can convert such defenses into a basis for federal jurisdiction. Moreover, the Madera Superior Court has asserted jurisdiction over the Tribe's lands in the *in rem* action. The County argues that as a result, the Madera Superior Court has prior exclusive jurisdiction that precludes this Court's exercise of subject matter jurisdiction over the Tribe's complaint.

The Court further concludes that serious questions exist as to whether abstention is

1  warranted in light of the ongoing state court proceedings.  It appears to the Court that abstention
2  may be appropriate pursuant to *Colorado River Water Conservation District v. United States*,
3  424 U.S. 800 (1976) or pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).
4        Given these questions, the Court concludes that the Tribe has failed to establish a
5  likelihood of success on the merits or otherwise established its right to a TRO.  Accordingly, the
6  Tribe's application for TRO will be denied.  The Court will, however, set the Tribe's motion for
7  preliminary injunction for an expedited hearing and afford the parties an opportunity to brief the
8  questions of subject matter jurisdiction and abstention prior to the hearing.

### III. ORDER

(1)     The Tribe's application for TRO is DENIED;

(2)     The Tribe's motion for preliminary injunction is set for hearing on January 12, 2007 at 9:00 a.m.  The parties shall file supplemental briefs, not to exceed fifteen pages, addressing subject matter jurisdiction and abstention on or before January 5, 2007.

DATED: 12/21/06

_____
JEREMY FOGEL
United States District Judge

1  Copies of Order served on:

2

3  Daniel M. Fuchs     daniel.fuchs@bbklaw.com, andrea.peters@bbklaw.com

4  Michael Arthur Robinson     mrobinson@ndnlaw.com

5  Dennis M. Cota
   Samuel L. Emerson
6  Steven M. Ingram
   Best Best & Krieger LLP
7  400 Capitol Mall, Suite 1650
   Sacramento, CA 95814
8
   Arthur E. Fisher
9  California Indian Legal Services
   405-14th Street
10 Suite 300
   Oakland, CA 94612
11
   Christina V. Kazhe
12 Monteau & Peebles LLP
   1001 Second Street
13 Sacramento, CA 95814

14 David A. Prentice
   County Counsel
15 County of Madera
   333 West Olive Avenue
16 Madera, Ca 93637

17 Shasta County
   1815 Yuba Street, Suite 3
18 Redding, CA 96001

19

20

21

22

23

24

25

26

27

28

6

Case No. C 06-7613 JF (PVT)
ORDER DENYING PLAINTIFF'S APPLICATION FOR TRO ETC.
(JFLC2)